IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY LOWBEER,

    Plaintiff,

v.

ALLIED VAN LINES, INC.,

    Defendant.

Case No. 6:18-cv-01548-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff brings a claim against Defendant Allied Van Lines, Inc. for negligence. Defendant moves to dismiss Plaintiff's claim with prejudice. Plaintiff has failed to timely respond to Defendant's motion. As discussed below, Defendant's Motion to Dismiss (ECF NO. 7) is GRANTED.

## BACKGROUND[1]

On or about September 25, 2017, Defendant agreed pursuant to a contract with Plaintiff to ship furniture and other household goods from Plaintiff's former residence in Connecticut to Plaintiff's current residence in Oregon. Pl.'s Compl. ¶ 2, ECF No. 1, Attach. 1. Due to

---

[1] At the motion to dismiss stage, this Court takes all of Plaintiffs' allegations as true. *See Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

1 – OPINION AND ORDER

Defendant's alleged negligence, parts of a showcase, treadmill, and elliptical trainer were lost, and a trampoline failed to arrive. Pl.'s Compl. ¶ 3.

On July 12, 2018, Plaintiff filed a Complaint in the Circuit Court of the State of Oregon for Lane County. Defendant was served on July 24, 2018 and timely filed a Notice of Removal with this Court on August 22, 2018. Defendant then filed a Motion to Dismiss on September 28, 2018. Plaintiff has failed to timely respond.

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION[2]

Defendant moves to dismiss Plaintiff's claim with prejudice, arguing that Plaintiff fails to state a claim upon which relief may be granted. Def.'s Mot. Dismiss 1, ECF No. 7. Defendant argues that Plaintiff's claim is preempted by 49 U.S.C. § 14706. *Id.* at 2–3. This Court agrees.

Plaintiff's Complaint arises out of his contract with Defendant for the packing and interstate transportation of household goods from Connecticut to Oregon. *See* Pl.'s Compl. ¶ 2; *see also* Def.'s Mot. Dismiss 2. As a result, the Secretary of Transportation and the Surface Transportation Board have jurisdiction over the contract pursuant to 49 U.S.C. § 13501(1)(A), which states that "the Secretary and the Board have jurisdiction . . . over transportation by motor carrier . . . to the extent that passengers, property, or both, are transported by motor carrier . . . between a place in . . . a State and a place in another State." Defendant is a "household goods motor carrier" as defined by 49 U.S.C. § 13102(12). Therefore, Plaintiff's claim falls under 49 U.S.C. § 14706, also known as the "Carmack Amendment" to the Interstate Commerce Act.

The United States Supreme Court ruled that the Carmack Amendment covers "the subject of the liability of the carrier under a bill of lading . . . so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it." *Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06 (1913). Accordingly, "[i]t is well-settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property." *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007). The Ninth Circuit has held that claims for

---

[2] Because Plaintiff failed to timely file a response to Defendant's motion, Defendant's claims will be analyzed in light of the complaint only.

"general negligence" are also barred, even if they are not completely preempted by the Carmack Amendment. *See White v. Mayflower Transit, LLC*, 543 F.3d 581, 584–85 (9th Cir. 2008) (citing *Hall*, 476 F.3d at 689).

Here, Plaintiff brings a claim for damages "based on tort or contract." Pl.'s Compl. 1. Based on the facts alleged in the Complaint, any potential tort action would be one for general negligence. *See* Pl.'s Compl. ¶¶ 2–4. Whether Plaintiff couches his claim under tort law or contract law, the Carmack Amendment clearly bars Plaintiff's claim against Defendant. Therefore, Plaintiff has failed to state a claim upon which relief may be granted.

Defendant argues that dismissal with prejudice is appropriate. Def.'s Mot. Dismiss 1. However, it may be possible for Plaintiff to amend the Complaint to properly allege facts sufficient to state a claim under the Carmack Amendment. Therefore, Plaintiff is granted 14 days to file an amended complaint. That said, this Court notes that Plaintiff faces an uphill battle. In order to properly amend the claim to fall under the Carmack Amendment, Plaintiff must allege not only the proper substantive facts, but also that Plaintiff followed the proper procedures imposed by the Carmack Amendment.

## CONCLUSION

Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 7) is GRANTED. Plaintiff is granted 14 days to file an amended complaint.

IT IS SO ORDERED.

DATED this 18th day of December, 2018.

                                                _s/Michael J. McShane_
                                                   Michael McShane
                                          United States District Judge